IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| 608 AZALEA ROAD, LLC and SERENITY MOBILE, LLC, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) CIV. ACT. NO. 1:21-cv-00098-TFM-C ) |
| JOHN M. THOMAS and THOMAS INSURANCE, LLC, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' *Motion for Default as to Damages.* Doc. 17, filed August 12, 2021. Plaintiffs move this Court enter default as to damages against Defendants John M. Thomas, individually, and Thomas Insurance, LLC. Having considered the motion and relevant law, the Court finds the Motion for Default Judgment is due to be **GRANTED** as to its claims for **$918,997.20** in damages.

### I.   PARTIES AND JURISDICTION

Plaintiffs 608 Azalea Road, LLC ("Azalea") and Serenity Mobile, LLC ("Serenity") (collectively, "Plaintiffs") assert four claims against Defendants John M. Thomas, individually, ("Thomas") and Thomas Insurance, LLC ("Thomas Insurance") (collectively, "Defendants"). These claims include negligent procurement of insurance against Defendants on behalf of Azalea (Count 1); (2) negligent procurement of insurance against Defendants on behalf of Serenity (Count 2); (3) breach of fiduciary duty against Defendants on behalf of Azalea (Count 3); (4) breach of fiduciary duty against Defendants on behalf of Serenity (Count 4). Doc. 2, Amended Complaint.

This Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction).

The Court has personal jurisdiction over Defendants because Plaintiffs allege Thomas Insurance is a Florida limited liability company with its principal place of business located in Pensacola, Escambia County, Florida, and its only member is Thomas who is a citizen of Utah and was an insurance agent licensed by the State of Florida to engage in the business of procuring insurance in exchange for commissions. Docs. 1, 2 at ¶¶ 7 - 8. Both Defendants were served via certified mail. Docs. 29, 30; *see also Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F. 3d 916, 925 n. 15 (11th Cir. 2003) ("The concept of personal jurisdiction comprises two distinct components: amenability to jurisdiction and service of process. Amenability to jurisdiction means that a defendant is within the substantive reach of a forum's jurisdiction under applicable law. Service of process is simply the physical means by which that jurisdiction is asserted.").

Venue is proper in this Court because Plaintiffs allege the Properties at issue in this lawsuit and all or a substantial part of the acts, omissions, or events that gave rise to Plaintiffs' claims occurred in Mobile County, Alabama, which is within this Court's jurisdiction. Docs. 1, 2 at ¶ 9.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Background

Plaintiffs engaged Defendants to procure and maintain property and casualty insurance to protect against loss or damage from reputable and creditworthy insurers licenses to insure in the jurisdiction of the Plaintiffs' properties (collectively, "the Requested Policies"). Doc. 2 at ¶ 10. Plaintiffs paid Defendant all premiums associated with the procurement and maintenance of the Requested Policies. *Id*. at ¶ 11. Plaintiffs allege reasonably relying upon Defendants'

representations, express and/or implied, that Defendants would procure coverage on Plaintiffs' behalf with sufficient coverage for losses under the Requested Policies. *Id*. at ¶ 12. On May 20, 2020, Serenity's property located at 557 Azalea Road, Mobile, Alabama sustained damage from a fire. *Id.* at ¶ 13. On June 5, 2020, Azalea's property sustained damage from a fire. *Id.* at ¶ 14. Plaintiffs contend that Defendants collected substantial premiums from Plaintiffs but failed to obtain valid property and casualty insurance to protect their interests under the Requested Policies. *Id.* at ¶ 17.

### B. Procedural Background

Plaintiffs filed a complaint on February 26, 2021, and an amended complaint on March 3, 2021, alleging Defendants collected substantial premiums from Plaintiffs but failed to obtain valid property and casualty insurance to protect Plaintiffs' interests set forth in the requested policies. Defendants were served with summons and copies of the amended complaint on June 18, 2021. Doc. 9. Pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i), both Defendants' answers to the complaint were due on July 9, 2021. Neither filed an appropriate answer. Specifically, Thomas attempted to file an answer but the pleading was not docketed because the local rules prohibit the use of electronic filing by *pro se* parties. Similarly, Thomas Insurance attempted to answer the complaint, but the Court notified Thomas that "[o]nly natural persons may appear pro se[]" in this Court, S.D. Ala. GenLR 83.2; therefore, while Defendant Thomas can represent himself *pro se* and file a *pro se* answer, he cannot represent Thomas Insurance, LLC and file an answer on its behalf because there is no indication that he is an attorney and only an attorney can represent an artificial entity like an LLC." Doc. 11 at 2 – 3.

On July 13, 2021, Plaintiffs filed a Motion for Default as to Liability. Doc. 10. The Magistrate Judge scheduled a status conference for July 28, 2021. Doc. 11. On August 9, 2021,

the Magistrate Judge granted Plaintiffs' motion for default and the Clerk entered an Entry of Default against Defendants for failure to plead or otherwise defend. Docs. 15, 16. On August 12, 2021, the Plaintiffs filed its Motion for Entry of Default as to Damages. Doc. 17. On October 13, 2021, the Plaintiffs filed a Motion for Final Hearing. Doc. 26. The Court granted this motion and set the final evidentiary hearing for November 15, 2021. Doc. 27. Copies of the order was sent to Defendants via certified mail. Docs. 29, 30. As of the date of this Order, Defendants have not filed any responsive pleading and did not appear for the evidentiary hearing.

### III.  STANDARD OF REVIEW

The Federal Rules of Civil Procedure establish a two-part process for obtaining a default judgment. Fed. R. Civ. P. 55. If "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" the clerk of court "must enter the party's default." Fed. R. Civ. P. 55(a). After default has been entered, if the "claim is for a sum certain or a sum that can be made certain by computation," the clerk must enter default. Fed. R. Civ. P. 55(b)(1). In all other circumstances, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). Also, a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

The Eleventh Circuit has held that although "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover, a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact. The defendant, however, is not held to admit facts that are not well-pleaded or to admit conclusions of the law." *Tyco Fire & Sec., LLC v. Alcocer*, 218 Fed. App'x 860, 863 (11th Cir. 2007) (per curiam) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). "[B]efore entering a default judgment for damages, the district court must ensure that the well-pleaded

allegations of the complaint…actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought. *Id*. (emphasis omitted).

"While well-pleaded facts in the complaint are deemed admitted, plaintiffs' allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and the character of damages." *Capitol Records v. Carmichael*, 508 F. Supp. 2d 1079, 1084 n.4 (S.D. Ala. 2007); *see also Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) ("A court [on entering default judgment] has an obligation to assure that there is a legitimate basis for any damage award it enters…."); *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (on default judgment, "[d]amages may be awarded only if the record adequately reflects the basis for award…"); 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2688 at 58-59 (3rd ed. 1998) ("If the court determines that [the] defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."). The mere granting of default judgment does not establish the plaintiff's entitlement to any quantum of damages.

## IV.    DISCUSSION AND ANALYSIS

Serenity's Summer Place Apartments were inspected by two adjustors to determine the amount of damages owed to Plaintiffs. One adjustor was hired by Plaintiffs and the other was hired by Defendants. The two calculations are different amounts. Doc. 17 at ¶ 14. Based on Plaintiffs' Adjustor's estimate, Plaintiffs have sustained a damages total of $2,065,556.20. Based on Defendants' Adjustor's estimate, Plaintiffs have sustained a damages total of $1,806,159.20. *Id*. at 6, 9. Plaintiffs defer to this Court to determine the correct amount of damages they are entitled to receive.

Upon review of the pleadings, the Court is satisfied Plaintiffs' well-pleaded allegations state a substantive and sufficient factual basis for relief. Plaintiffs have provided sufficient evidence to support its position on obtaining default judgment. In support of Plaintiffs' *Motion for Default as to Damages* (Doc. 17), Plaintiffs have filed an *Affidavit of Michel O Provosty, Jr.* Doc. 17 at 8 – 11. Mr. Michel O Provosty, Jr. is the Chief Financial Officer of RREAF Holdings, one of the members of Plaintiffs' limited liability companies. *Id*. at ¶ 2 – 3. According to Mr. Provosty's Affidavit, Defendants have already paid $916,021.00. The figures below indicate the total amount owed. Furthermore, because Defendants failed to obtain and place insurance coverage to insure Plaintiffs' properties, Plaintiffs sustained significant damages in four (4) categories:

    A. Business Interruption at Summer Place (Serenity):      $163,296.20

    B. Casualty Loss at Summer Place (Serenity)

        a. Plaintiffs' Adjustor's estimate:      $569,878.00

        b. Defendants' Adjustor's estimate:      $310,481.00

    C. Fire Claim/Business Interruption at Summer Tree (Azalea):      $185,823.00

    D. Misallocated Premiums paid by Azalea and Serenity:      $230,538.00

Doc. 17 at 6, 8-9.

The Court finds it appropriate to award damages based on Plaintiff's Adjustor's estimate. However, the Court finds that Plaintiffs are not entitled to misallocated premiums paid because premiums would have been paid had Defendants obtained the proper coverage for Plaintiffs' properties. Plaintiffs' remaining damages total is $918,997.20. The Court reached this amount by calculating the initial total using Plaintiff's Adjustor's estimate, $1,149,535.20 less the requested

$230,538.00 for misallocated premiums. The Court finds that there is a legitimate basis for this damages award. *Anheuser Busch, Inc.* 317 F.3d at 1266.

## V.   CONCLUSION

Accordingly, based on the foregoing analysis, Plaintiffs' Motion for Default Judgment as to Damages (Doc. 17) is **GRANTED** as to its claim for **$918,997.20** in damages and default judgment is **ENTERED** in favor of Plaintiffs 608 Azalea Road, LLC and Serenity Mobile, LLC and against Defendants John M. Thomas, individually, and Thomas Insurance, LLC in the amount of **$918,997.20**.

**DONE** and **ORDERED** this 19th day of November, 2021.

                                               s/Terry F. Moorer
                                              TERRY F. MOORER
                                              UNITED STATES DISTRICT JUDGE